STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JOHN O. LOWE,
**Claimant Below, Petitioner**

**vs.)  No. 13-1014** (BOR Appeal No. 2048146)
(Claim No. 910017527)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,
Commissioner Below, Respondent**

**and**

**CARGO OIL COMPANY, INC.,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John O. Lowe, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a February 7, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 20, 2009, decision which denied a request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Lowe, a truck driver, sustained multiple orthopedic injuries and psychological conditions as a result of his employment, including a lumbar spine injury that required surgery. Additionally, he developed occupational pneumoconiosis in the course of his employment. Clifford Carlson, M.D., performed an independent medical evaluation on February 6, 1993, in which he opined that Mr. Lowe had 22% whole person impairment from a compensable June 11, 1991, injury and found that he was permanently and totally disabled. In February and March of 1993, psychiatrist Philip Robertson, M.D., found that Mr. Lowe suffered from an adjustment disorder with mixed emotional features and a personality disorder. As Mr. Lowe had no indications of depression prior to the compensable injury, Dr. Robertson found that the conditions were directly related to the compensable injury; however, he also found that Mr. Lowe had minimal cognitive dysfunction as a result of his depression.

Mr. Lowe attempted vocational rehabilitation and obtained associate degrees in architecture and civil engineering in 1998. In 2003, he applied for a permanent total disability award. On March 8, 2004, Ahmed Faheem, M.D., performed an independent medical evaluation in which he diagnosed major affective disorder (depression). He stated that Mr. Lowe's depression appears to be partially related to his compensable 1991 injury. The psychiatric problems, in and of themselves, are not disabling; however, the combination of physical and psychiatric impairment are related to his years of work-related injuries, and he is permanently and totally disabled. Shortly after, Arthur Smith, P.T., performed a functional capacity evaluation in which he determined that Mr. Lowe was capable of performing sedentary work on a part-time basis. On July 2, 2004, Errol Sadlon performed a rehabilitation evaluation in which he determined that Mr. Lowe has many transferable skills including mechanical applications, plumbing, electrical work, various construction activities, and associate degrees in architecture and civil engineering. Mr. Lowe attempted to return to work through vocational rehabilitation services but was ultimately unable to obtain employment. His case was closed. Mr. Sadlon found that Mr. Lowe was incapable of returning to his previous job as a truck driver. He was also found to be incapable of using his associate degrees because one would require him to sit for six hours and the other requires traversing rough terrain, both of which he is incapable of doing. Mr. Sadlon concluded that Mr. Lowe was permanently and totally disabled. Mr. Sadlon stated that though Mr. Smith found that Mr. Lowe could perform part-time sedentary work, this was not considered to be suitable gainful or competitive employment.

Charles Weise, M.D., performed a psychiatric permanent total disability evaluation on November 2, 2006, in which he noted that Mr. Lowe reported minimal depression. He was not hallucinating, paranoid, or delusional. Intellectual functioning was in the average range. Dr. Weise diagnosed depressive disorder, improved. The symptoms were transient and there was no indication of injury-related psychiatric impairment. A second rehabilitation evaluation was conducted on August 20, 2007, by Casey Vass, R.N., M.S., C.R.C., C.L.C.P., Q.R.P. He found that Mr. Lowe expressed no interest in vocational rehabilitation services. He determined that Mr. Lowe could perform at least sedentary work based upon his attendance of school on a full-time basis for four years. He found it logical that Mr. Lowe's treating physician released him to return to gainful employment following his obtainment of two associate degrees. Mr. Vass found he could return to his pre-injury job as a welding foreman or tractor trailer and dump truck driver. He also found that Mr. Lowe had skills to engage in alternative employment such as a security

guard, cashier, customer service representative, or in his chosen fields as an architectural or civil engineering technician. Mr. Vass noted that Mr. Lowe's job search history consisted of fifteen to twenty contacts with employers, which was an inadequate job search.

Lester Sargent, M.A., performed a psychological evaluation of Mr. Lowe on September 9, 2011. Mr. Lowe described unusual symptoms such as delusional beliefs, circumstantial and tangential thinking, and loose associations. He also reported that he had a heart condition. Mr. Sargent found that Mr. Lowe was experiencing a great deal of confusion and personality deterioration. Further, he is likely to be chronically disoriented, alienated, and withdrawn. He reported possibly delusional physical concerns. Mr. Lowe's testing was suggestive of depressed mood and bizarre thoughts suggestive of the presence of delusions and/or hallucinations. Testing was also suggestive of a borderline psychotic condition. The existence of somatic delusions and schizophrenia were to be considered. Mr. Sargent diagnosed generalized anxiety disorder, major depressive disorder, pain disorder, and personality disorder. He concluded that Mr. Lowe was disabled and incapable of maintaining employment or performing any type of work-related activities. His health conditions were listed as lower back injury with surgery, lower back pain, neck pain, bilateral arm pain and numbness, bilateral leg pain, hypertension, coronary artery disease with history of surgery, occupational pneumoconiosis, and acid reflux. Finally, Dwight McMillion, C.R.C., performed a vocational evaluation on January 2, 2012. He determined that Mr. Lowe is incapable of engaging in sustained work activity on a full-time basis due to compensable injuries, impairments, conditions, and occupational disease. He found that he has significant exertional and nonexertional impairments. He noted that Mr. Lowe attempted to return to work following his schooling in 1998 and 1999 and was unable to obtain employment.

The claims administrator denied a request for a permanent total disability award on November 20, 2009. Mr. Lowe disputes the decision and argues that though he obtained two associate degrees, his attempt to reenter the work force was unsuccessful. His participation in a rehabilitation program also failed. The West Virginia Office of the Insurance Commissioner argues that Mr. Lowe is not permanently and totally disabled because he has the ability to perform light to sedentary work. He was capable of earning multiple college degrees. Further, he has no injury related psychiatric impairment that would render him unable to work.

The Office of Judges affirmed the claims administrator's decision in its February 7, 2013, Order. The Office of Judges found that, due to the date of injury and the date of application, Mr. Lowe is not required to meet the minimum permanent partial disability threshold. The sole issue on appeal is therefore whether he is capable of engaging in substantial gainful employment. The Office of Judges found that Mr. Lowe has not worked since June of 1991. However, he attended college full-time and earned two associate degrees in 1998. During that time period, the Office of Judges found that he was not permanently and totally disabled. The Office of Judges determined that Mr. Sargent's psychological evaluation and vocational assessment contained non-compensable conditions and diagnoses. He found evidence of a possible borderline psychotic condition. However, Mr. Lowe's compensable psychiatric impairment is only 5%, and there is no opinion of record that states that his current and severe psychiatric condition is related to his compensable injury. The Office of Judges stated that Mr. McMillion's vocational evaluation

3

failed to make a finding that Mr. Lowe was permanently and totally disabled and also made no finding that he could not work on a part-time basis.

The Office of Judges found that a vocational rehabilitation services activity log from January of 1998 stated that Mr. Lowe was asked to obtain a report indicating whether he could work full-time. He reported at that time that he had a job with an attorney as soon as he obtained his associate degree that semester. There is no indication in the record of what happened to that opportunity. A note from September of 1998 stated that he had not located a job but was still interviewing. The Office of Judges determined that Mr. Lowe was not permanently and totally disabled during that time period. The records also show that in 1999, Mr. Lowe stopped looking for employment. He reported in notes from May of 1999 to August of 1999 that he was having physical problems which prevented him from seeking employment, including severe kidney stones, a non-compensable condition. A functional capacity evaluation dated March 9, 2004, stated that Mr. Lowe's physical demand level was sedentary part-time. The report did not indicate that he was permanently and totally disabled. Further, Mr. Vass found in an August of 2007 rehabilitation evaluation that Mr. Lowe could perform sedentary work. The Office of Judges therefore concluded that he failed to show that he was incapable of engaging in substantial gainful employment and was therefore not entitled to a permanent total disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 5, 2013, decision.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Lowe is capable of engaging in substantial gainful employment. Further, though he may have severe psychological conditions, those conditions are not related to a compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

4